UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE GENERAL HOSPITAL,<br><br>                    Plaintiff<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>                    Defendant | Case No. |

## DEFENDANT'S NOTICE OF REMOVAL

The defendant, Continental Casualty Company ("Continental"), hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal of this action to this Court from the Superior Court Department of the Trial Court, Suffolk County, Massachusetts. Continental states as follows, upon knowledge, information, and belief:

## BACKGROUND

1. This is an insurance coverage dispute arising out of the COVID-19 pandemic.

2. On March 15, 2022, Plaintiff Lawrence General Hospital ("Plaintiff") initiated this action against Continental by filing its Original Civil Complaint (the "Complaint") in the Massachusetts Superior Court, Suffolk County.  Continental was served on June 6, 2022.

3. Plaintiff's Complaint, attached hereto along with the summons that was concurrently served upon Continental as Exhibit A, alleges that it is a private, nonprofit community hospital located in northeastern Massachusetts and southern New Hampshire, that it made a claim under an insurance policy issued by Continental for business interruption losses

incurred as a result of the COVID-19 pandemic, and that Continental wrongfully denied coverage for the claim.

4. Plaintiff asserts claims against Continental for (1) breach of contract, (2) declaratory relief, and (3) violation of Mass. Gen. L. c. 93A and c.176D. Plaintiff seeks "all damages of any nature to which Lawrence General may be entitled under contract, in equity or at law," "[a]ppropriate declaratory relief," "[p]re- and post-judgment interest as provided by law," "attorneys' fees and costs of suit incurred," and "[s]uch other and further relief as the Court deems just and proper." Compl. at ¶ 114-18.

## JURISDICTION

5. This matter is within the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). This Court has diversity jurisdiction because (1) this action is between citizens of different States, and (2) there is at least $75,000 in controversy.

6. The plaintiff is a Massachusetts corporation with a principal place of business in Lawrence, Massachusetts. Compl. at ¶ 3. The defendant is an Illinois corporation with a principal place of business in Chicago, Illinois. Compl. at ¶ 4. Thus, there is complete diversity of citizenship.

7. The amount in controversy exceeds the sum or value of $75,000. In determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Stewart* v. *Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (quoting *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). A plaintiff's "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." *Id.* (quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir.

2001)). Plaintiff claims damages "as high as $110 million," substantially exceeding the $75,000 threshold. *See* Compl. at ¶ 24.

8.  Therefore, in accordance with 28 U.S.C. § 1446(c)(2), the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are met.

## PROCEDURAL STATEMENT

9.  This Notice of Removal is timely filed. While the plaintiff filed its Complaint in this action in Suffolk County, Massachusetts Superior Court on or about March 15, 2022, the Complaint and Summons was not served upon Continental until June 6, 2022. The Superior Court assigned Case Number 2284cv00567 to the matter. This Notice is being filed within 30 days after receipt, and thus is timely under 28 U.S.C. § 1446(b).

10. Removal is also proper under all other applicable provisions of 28 U.S.C. §§ 1441 and 1446. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, Continental is filing this Notice and attaching copies of all process, pleadings, and orders served upon Continental in the state-court action. Continental shall provide the notice required by 28 U.S.C. § 1446(d).

11. Upon filing the Notice of Removal, Continental will furnish written notice to the plaintiff's counsel, and will file and serve a copy of this Notice with the Massachusetts Superior Court, pursuant to 28 U.S.C. § 1446(b).

12. This Court is the "district court of the United States for the district and division within which" the state court action is pending. 28 U.S.C. § 1446(a). Continental's Notice of Removal has therefore been filed in the proper court.

13. Continental reserves the right to amend or supplement this Notice of Removal.

## VENUE

14. This action was originally filed in the Suffolk County, Massachusetts Superior Court, which sits in this federal judicial district and division, rendering venue proper under 28 U.S.C. § 1441(a).

## DOCUMENTS TO BE SUBMITTED IN CONNECTION WITH THIS REMOVAL

15. Pursuant to the Federal Rules of Civil Procedure and Local Rule 81.1, Continental shall provide certified or attested copies of all records and proceedings in the state court within 28 days.

June 23, 2022

        CONTINENTAL CASUALTY CO.
        By Its Attorneys

        */s/ Kenneth N. Thayer*
        William L. Boesch, BBO No. 558742
        boesch@sugarmanrogers.com
        Kenneth N. Thayer, BBO No. 671029
        thayer@sugarmanrogers.com
        SUGARMAN ROGERS BARSHAK & COHEN, P.C.
        101 Merrimac Street, Suite 900
        Boston, MA 02114
        617-227-3030

## CERTIFICATE OF SERVICE

On this 23rd day of June 2022, I, Kenneth N. Thayer, counsel for Continental Casualty Company, served the foregoing document upon all counsel of record by email.

        */s/ Kenneth N. Thayer*

4890-1679-8246, v. 1